IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY WILLIAMS                )
                                )
         Plaintiff,             )
                                )
vs.                             )   Case No. 16-CV-519-SMY
                                )
S. OCHS,                        )
                                )
         Defendant.             )

# MEMORANDUM AND ORDER

Plaintiff Anthony Williams, an inmate currently incarcerated at Menard Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights arising from alleged excessive use of force incidents on January 12, 2016 and March 12, 2016 while he was housed at Lawrence Correctional Center ("Lawrence"). This matter is before the Court for consideration of Defendant's Motion for Summary Judgment (Doc. 70). Plaintiff responded in opposition (Doc. 72). For the following reasons, the Motion will be **DENIED.**

## Material Facts

On January 12, 2016, Plaintiff was housed in one of the segregation areas at Lawrence. (Deposition of Anthony Williams, Doc. 71-1 at 20). He received a pass to see the dentist and was retrieved from his cell by Defendant Shawn Ochs. (*Id.*, pp. 20-21). While escorting Plaintiff to the health care building, Ochs allegedly placed his fingers around Plaintiff's throat and squeezed for 12-15 seconds and made a threatening remark of a sexual nature. (*Id.*, pp. 24-27). Plaintiff's description of the force ranges from "a little force" to a handshake level to "fairly hard." (*Id.*, pp. 25-26). However, he testified that he could not breathe. (*Id.*). Ochs then allegedly escorted him

to his appointment. No lasting injury or marks resulted. (*Id.*, p. 35). Ochs denies that the incident took place.

On March 12, 2016, Plaintiff was removed from his segregation cell for shower night. (*Id.*, pp. 29-30). The general procedure is to cuff the inmate in segregation through a port in the cell door. The inmate places his hands in the cuffing port, a very small area, so that the cuffs can be applied. (Deposition of Shawn Ochs, Doc. 71-2, p. 86). Standard procedure is to cuff inmates behind their back unless they have a front cuff permit. (*Id.*, p. 87). Due to his height, Plaintiff bent over in order to get his hands in the port. (Doc. 71-1, p. 30). According to Plaintiff, while he was bent over, Ochs ran his hand over Plaintiff's boxer shorts, including into the crack of his buttocks. (*Id.*, pp 30-31). This lasted 4-5 seconds. (*Id.*, p. 30). Plaintiff was then escorted to the showers where he refused to come out and was issued a disciplinary ticket by another correctional officer. (Doc. 71-3). Ochs issued Plaintiff another disciplinary ticket later that night for hiding under his bunk and refusing to come out for count. (Doc. 71-4). Plaintiff testified that did not want to come out of the shower until he could talk to a Crisis Team member. (Doc. 71-1, p. 30). Plaintiff reported the incident to a social worker on March 14, 2016, and a Prison Rape Elimination Act ("PREA") investigation was conducted.

## **Discussion**

Defendant Ochs moves for summary judgment on the basis the undisputed material facts show that any forced used was *de minimis*, and that he is entitled to qualified immunity if a constitutional right was infringed.

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-*

*Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is filed, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When deciding a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### De Minimis Force

The intentional use of excessive force by prison guards against a prison inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). A plaintiff must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Id.* at 40 (*citing Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id*. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 37-38. *See also Dewalt v. Carter*, 224. F.3d 607, 620 (7th Cir. 2000) (incidental bumping not enough to meet the constitutional threshold

for excessive force); *Lunsford v. Bennett*; 17 F.3d 1574, 1582 (7th Cir. 1994) (finding that de minimis force was used when prison guard caused bucket to hit prisoner on the head).

With respect to the alleged January 12, 2016 incident, the choking described is not de minimis force. While Ochs cherry-picks Plaintiff's deposition testimony and points to Plaintiff's agreement with counsel's characterization of Ochs' grip as like a handshake, in response to the very next question, Plaintiff states that it was hard enough that he could not breathe. Being unable to draw breath for 12-20 seconds can be both physically and psychologically painful. And, it is "pain, not injury," that is the crux of an Eighth Amendment claim. *Hendrickson v. Cooper*, 589 F.3d 887, 891 (7th Cir. 2009). With no legitimate penological justification offered, a reasonable jury could find that if the incident occurred, the force involved was more than de minimis.

Similarly, Defendant's argument fails as to the alleged March 12, 2016 incident. As previously noted, the standard for de minimis force includes an important caveat: "provided that the use of force is not of a sort repugnant to the conscience of mankind." Groping, fondling or other unwelcome touching of private areas without legitimate penological justification is that sort of force. "An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012).

A material question of fact exists in this case as to what occurred; if a jury finds Plaintiff's account credible, it could also conclude that Ochs running his hands between Plaintiff's buttocks was improper force and violated the Eighth Amendment. As such, summary judgment is inappropriate.[1]

---

[1] Ochs' Memorandum in Support points to alleged inconsistencies between Plaintiff's Complaint and his later deposition testimony as to how much force was involved in the choking and how far Ochs went in his alleged

## Qualified Immunity

Ochs also asserts that he is entitled to qualified immunity as to Plaintiff's claims. To overcome a defense of qualified immunity, a plaintiff must demonstrate (1) that the defendant's conduct violated his constitutional rights, and (2) that the violated right was clearly established at the time of the alleged misconduct. *Lewis v. Downey,* 581 F.3d 467, 478 (7th Cir. 2009). On summary judgment, the Court "takes the record in the light most favorable to the opponent of the motion and asks whether the case can proceed," and then decides the second prong as a matter of law. *Jones v. Clark*, 630 F.3d 677, 680 (7th Cir. 2011).

There is sufficient evidence for a reasonable finder of fact to determine that Ochs violated Plaintiff's Eighth Amendment right not to be subjected to excessive/improper force by choking him and rubbing his hands on and between Plaintiff's buttocks without any legitimate penological justification. While Ochs denies these acts ever happened and impugns Plaintiff's credibility, the record is sufficient to establish a constitutional violation.

That said, "[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (quotations and citations omitted). While a plaintiff is not required to cite "a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (quotations omitted).

---

touching. Ochs argues that this undermines Plaintiff's credibility. However, on summary judgment a court "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder*." Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Further, Ochs references a PREA investigation report where Plaintiff allegedly admitted that "he has lied on officers." (Doc. 71, p. 4). The PREA report was never submitted as an exhibit—Ochs stated that it would be filed "once it is ensured a proper Protective Order is in place" but no motion for protective order was ever made. It was therefore improper to include in the brief, both as an argument on credibility and an unsupported assertion of undisputed material fact.

The January 12, 2016 incident implicates the right not to be choked without any hint of penological justification. This should be self-evident, but it has been explicitly recognized in the Seventh Circuit since at least 1989. *See Smallwood v. Renfro*, 708 F. Supp. 182, 191 (N.D. Ill. 1989). The March 12, 2016 incident involves the right to be free from unwelcome touching of a private area without penological justification, which has been recognized since at least 2012. *See Washington*, *supra* (testicles) and *Rivera v. Drake*, 497 F. App'x 635, 636 (7th Cir. 2012) (buttocks). Thus, Ochs should have been on notice that his conduct in both incidents – if they occurred – were violations of the Eighth Amendment. Qualified immunity does not apply here.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 70) is **DENIED.**

**IT IS SO ORDERED.**

DATED: April 1, 2020

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**
